UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: : | |
| : | Case No.  16-31208 (AMN) |
| BRIAN A. SCHATZ, : | |
|     Debtor : | Chapter 13 |
| : | |
| : | RE: ECF Nos. 142, 143 |

**MEMORANDUM OF DECISION AND ORDER
GRANTING IN PART AND DENYING IN PART
APPLICATIONS FOR COMPENSATION AND
<u>REQUIRING DISGORGEMENT OF ATTORNEYS' FEES</u>**

This Memorandum of Decision and Order addresses the financial transaction disclosure requirements mandated by 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016(b), and the practice of using "appearance counsel" to represent bankruptcy debtors on a temporary or "drop in" basis in meetings of creditors pursuant to 11 U.S.C. § 341, in hearings before the court, and otherwise throughout the pendency of a bankruptcy case. Because the attorneys here – both the appearing attorney and the non-appearing "appearance counsel" – failed to comply with Fed.R.Bankr.P. 2016(b), they are required to disgorge some or all of the attorneys fees they were paid in this case.

Pending are applications seeking allowance of attorneys' fees and reimbursement of expenses pursuant to 11 U.S.C. § 329, filed by Attorneys Andrea Anderson and Howard Brown after the Court questioned their financial transactions with the debtor in this Chapter 13 case. ECF Nos. 142, 143 (ECF No. 142 is the "Anderson Application"; ECF No. 143 is the "Brown Application"; together they are the "Applications"). Attorney Anderson sought allowance of $5,190.00 of attorney's fees and $310.00 in expenses while Attorney Brown sought allowance of $500.00 of attorney's fees. For the reasons

1

that follow, the Anderson Application is GRANTED IN PART and DENIED IN PART, and the Brown Application is DENIED, with certain of the fees paid to Attorney Anderson and all of the fees paid to Attorney Brown to be disgorged as described below.

## FACTS

This Chapter 13 case commenced on July 31, 2016 (the "Petition Date"), when Attorney Anderson filed the debtor's voluntary Chapter 13 petition. The debtor's case was fairly complex due to two bankruptcy dismissals within the preceding twelve months (resulting in only a limited, automatic stay pursuant to 11 U.S.C. § 362(c)(4)) and the debtor's ownership of thirteen real properties.

At all times relevant here, Attorney Anderson and Attorney Brown did not work in the same law firm[1], but they shared a mailing address[2] and perhaps the same office space[3] despite Attorney Anderson's residence in Florida for the duration of the debtor's case. *See* ECF No. 134. Attorney Anderson filed Official Bankruptcy Form 2030[4], a Disclosure of Compensation, stating that she agreed to accept $10,000.00 for the debtor's case having already received $2,500.00 from the debtor. ECF No. 12. Attorney Anderson

---

[1] Attorney Anderson's statement of facts states that the "Debtor was also advised that Attorneys Brown and Anderson were not part of the same law firm and maintained separate practices." ECF No. 134.

[2] The mailing address for Attorney Anderson and Attorney Brown is listed in CM-ECF as 516 Ellsworth Avenue, New Haven, CT 06511. However, during hearings Attorney Anderson mentioned her current residency in Florida several times and the Superior Court for the State of Connecticut's records regarding attorneys registered to practice in the State of Connecticut lists the Law Offices of Andrea Anderson, L.L.C. with a mailing address of 1059 Maitland Center, Maitland, Florida 32751. *See* ECF No. 133.

[3] The Court asked Attorney Brown in a hearing whether he and Attorney Anderson were "in the same office." *See* ECF Nos. 60, 61. Attorney Brown responded with a yes. Attorney Brown represented in another hearing that he was with Attorney Anderson's office. *See* ECF No. 72. The Court intended the meaning of that question to be members or associates of the same law office under the Connecticut Rules of Professional Responsibility and the Bankruptcy Code, rather than individuals sharing the same physical space.

[4] Official Bankruptcy Forms are issued by the Director of the Administrative Office of the United States Courts pursuant to Fed.R.Bankr.P. 9009.

represented in Form 2030 that she had "not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm." ECF No. 12. However, Attorney Anderson's statement of facts filed after the dismissal of the case regarding the pending compensation applications stated that she advised[5] the debtor[6] that "Attorney Brown would be covering the 341 meeting and some of the bankruptcy hearings" and that "Attorney Brown would be sharing some of the retainer paid to Attorney Anderson." ECF No. 134. Attorney Anderson's statement of facts further represented that she paid Attorney Brown $120.00 on January 26, 2017, $80.00 on March 2, 2017, and the debtor paid Attorney Brown $300.00 at some time. ECF No. 134.

While Attorney Anderson submitted time records itemizing the time she spent representing the debtor, it became apparent during the course of the Chapter 13 case that Attorney Anderson generally did not appear at court hearings on the debtor's behalf.[7] Attorney Brown represented the debtor at the § 341[8] Meeting of Creditors on October 28, 2016. *See* ECF No. 140. Attorney Anderson filed a Motion to Extend the Automatic Stay (ECF No. 29), which was later denied for a failure to prosecute when neither she or any other attorney appeared for the debtor at the hearing. *See* ECF No. 42.

---

[5]    Connecticut Rules of Professional Conduct 1.5 requires written communication rather than oral communication regarding the scope of the representation and any fees for which the client will be responsible.
[6]    The statement of facts also included an affidavit by the debtor stating that he consented to the fee sharing agreement and that he was satisfied with his legal representation. ECF No. 134, Exhibit A.
[7]    Of the seven pre-dismissal hearings held in this case, Attorney Anderson appeared at one, on July 13, 2017. *See* ECF No. 96.
[8]    Unless otherwise noted, all statutory references are to Title 11, United States Code (the "Bankruptcy Code").

By contrast, Attorney Brown attended five hearings to consider confirmation of the debtor's Chapter 13 Plan and the Chapter 13 Trustee's motion to dismiss the case in his capacity as Attorney Anderson's coverage counsel.[9]  *See* ECF Nos. 60, 61, 72, 73, 80, 109, and 120.  Attorney Brown was generally ineffective in representing the debtor.  In a hearing on March 2, 2017, Attorney Brown admitted that he had not reviewed the debtor's Chapter 13 Plan (a document of three pages) and deferred to Attorney Anderson who was absent from the hearing.  *See* ECF No. 72.  Later in that hearing, the Court required Attorney Brown to file a notice of appearance[10] and be familiar with the case for any future hearings.  *See* ECF No. 72.  Attorney Brown was more familiar with the case at later hearings but generally deferred to the absent Attorney Anderson regarding the salient details of the case and future steps needed to confirm the debtor's Chapter 13 Plan.

The Court denied confirmation of the Debtor's Fifth Amended Chapter 13 Plan and granted leave to amend the plan on or before January 26, 2018.  *See* ECF No. 123.  A sixth amended plan was not filed and pursuant to the order establishing the deadline, the Court dismissed the debtor's case on January 30, 2018, while retaining jurisdiction to consider the allowance of compensation pursuant to § 330.  *See* ECF No. 123.  Attorney Anderson failed to appear for a hearing on her application for compensation (ECF No. 87), which requested allowance of $10,000.00 for attorney's fees and $310.00 for expenses, of which $2,500.00 had been paid by the debtor.  *See* ECF No. 125.  Attorney Anderson later agreed to reduce her fee request and now seeks allowance of $5,190.00 in attorney's fees and costs of $310.00, for a total of $5,500.00.  *See* ECF No. 142.

---

[9] Attorney Brown stated, "Attorney Anderson is really the one that was working on this. I am just kind of covering for her." ECF No. 72.

[10] Attorney Brown filed a Notice of Appearance in the case as ECF No. 79.

4

During the continued hearing to consider the allowance of Attorney Anderson's compensation in this case, Attorney Anderson argued that she did not share fees with Attorney Brown, but rather paid him as an "operating expense." *See* ECF No. 131. The Court thereafter issued a scheduling order requiring Attorney Brown to file a statement pursuant to Fed.R.Bankr.P. 2016(b)(essentially, Official Bankruptcy Form 2030) and set a schedule for briefing at the request of Attorneys Anderson and Brown regarding the question of whether payment of an appearance fee by Attorney Anderson to Attorney Brown is considered "fee sharing" under 11 U.S.C. § 504. *See,* ECF Nos. 132, 134, 135, and 141.

Attorney Anderson then filed an amended Form 2030 disclosing the payments totaling $200 to Attorney Brown. *See* ECF No. 138. Attorney Brown filed his own Form 2030 disclosing compensation of $500 from the debtor and from "other: See attached."[11] *See* ECF 135.

## APPLICABLE LAW

I. The Bankruptcy Court's Supervision of a Debtor's Transactions With Attorneys

Several provisions of the Bankruptcy Code reflect Congress' intent that bankruptcy courts closely monitor and supervise compensation paid by debtors, both before and after they file bankruptcy petitions. For example, § 329(a) of the Bankruptcy Code, "requires an attorney for the debtor to file with the court a statement indicating any compensation paid or agreed to be paid to such attorney for services rendered or to be rendered in contemplation of or in connection with a case under the Code." 3 Collier on Bankruptcy

---

[11] The attachment was an attorney bill with a signed statement by the debtor. The debtor indicated that he understood that "part of the retainer I paid to Attorney Andrea Anderson was paid to Attorney Howard Brown to compensate Mr. Brown for the above legal services."

¶ 329.03.  Section 329, "should be read in conjunction with [Federal Rule of Bankruptcy Procedure] 2016," that "further specifies the disclosure requirements of section 329(a)." 3 Collier on Bankruptcy ¶ 329.03.  Under § 329 and Rule 2016(b), the "statement also must disclose the source of such compensation, even if the source is not the debtor but a third party" and "must be filed whether or not the attorney intends to apply for compensation under the Code."  3 Collier on Bankruptcy ¶ 329.03.

Rule 2016(b) also incorporates, "specifically the requirement that the statement filed indicate whether the attorney has shared or has agreed to share in respect of any such compensation with any other person." 3 Collier on Bankruptcy ¶ 329.03. This requirement should be read in conjunction with § 504 of the Bankruptcy Code that expressly prohibits an attorney from sharing any compensation with another attorney that is not another "member, partner, or regular associate" of the applicant's law firm.  *See* 11 U.S.C. § 504.  The term "regular associate" is defined in Bankruptcy Rule 9001(10) as, "any attorney regularly employed by, associated with, or counsel to an individual or firm." Fed.R.Bankr.P. 9001(10).  Under that definition, the majority of courts prohibit debtor's counsel from hiring contract attorneys under § 504.  *See, e.g., In re Egwu,* 2012 WL 5193958 (Bankr. D. Md. 2012)(coverage attorney employed by debtor's counsel constituted prohibited fee sharing); *In re Bradley,* 495 B.R. 747, 767 n. 11 (Bankr. S.D. Tex. 2013)(use of an undisclosed "appearance attorney" violated § 504(a)); *In re Tarasiak,* 280 B.R. 791 (Bankr. D. Mass. 2002)(fees disallowed under § 504(a) for payments to an independent contractor professional).

The fee sharing prohibition is also contained in the 2016(b) Statement (Form 2030) and here Attorney Anderson initially certified that she had not agreed to "share the above-

disclosed compensation with any other person unless they are members or associates of my law firm."  *See* ECF Nos. 12, 138.[12]

Courts have "either denied compensation or required disgorgement for fee sharing in violation of section 504 for failure to disclose sharing arrangements under Rule 2016." 4 Collier on Bankruptcy ¶ 504.02.  A bankruptcy court also has power under § 329(b) to reduce or disallow an attorney's fees if "such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . (2) the entity that made such payment." 11 U.S.C. § 329(b).  *See also In re Carmine Alessandro*, 2010 Bankr. LEXIS 3116, 2010 WL 3522255, at *2 (Bankr. S.D.N.Y. Sept. 7, 2010)(holding that a "Court may reduce the compensation if it finds that the amount requested is excessive or of poor quality").

II. <u>Practical Issues and Rules of Professional Conduct Implicated by Utilizing Appearance Counsel</u>

Appearance counsel are "attorneys who appear at proceedings at the request of, and on behalf of, the debtors' chosen attorney."  *In re D'Arata*, 587 B.R. 819, 825 (Bankr. S.D.N.Y. 2018) *citing In re Bradley*, 495 B.R. 747, 757 n.1 (Bankr. S.D. Tex. 2013).  These attorneys are "generally not disclosed to the Court or to the Chapter 7 trustee before their appearance, and debtors are usually unaware that an appearance attorney will be representing them until right before the meeting or hearing." *In re D'Arata*, 587 B.R. at 825 *citing In re Bradley*, 495 B.R. at 757. "Compounding these problems is that appearance counsel often know little or nothing about the case." *In re D'Arata*, 587 B.R.

---

[12]    This form was later amended by Attorney Anderson after the Court expressed great concern regarding the payments by Attorney Anderson to Attorney Brown.  *See* ECF No. 138.

7

at 825. Various courts around the country discourage the use of appearance counsel to represent the debtor. *See In re D'Arata*, 587 B.R. at 825-826 (collecting cases).

The "improper use of appearance counsel can 'frustrate the negotiation and communication process among the debtor, the creditors, and the trustee.'" *In re D'Arata*, 587 B.R. at 826 *quoting In re Bradley*, 495 B.R. at 804; *see also In re Jacobson*, 402 B.R. at 365 ("[t]he practice of undisclosed 'appearance attorneys' creates problems—other parties (and the court) are sandbagged, and the [d]ebtor, trustee, other creditors, and counsel cannot readily communicate regarding scheduling or substance."). Additionally, appearance counsel can promote a lack of accountability.

> Appearance attorneys are rarely listed as an attorney of record or co-counsel in a case and this can raise questions as to the legitimacy of their representation of debtors and their authority to speak for, or make admissions on behalf of, the debtor. While many appearance attorneys are competent lawyers, others are '[m]ere drones who give inadequate representation.' If a court cannot determine who has the authority to speak on behalf of a debtor, a sizeable and unnecessary roadblock is thrown up in front of the bankruptcy process. The court overseeing a bankruptcy case must know who speaks for a debtor and whom it can hold accountable for any improprieties in the process.
>
> *In re D'Arata*, 587 B.R. at 826 *quoting In re Bradley*, 495 B.R. at 804 (internal citations omitted).

The use of appearance counsel in bankruptcy counsel implicates several of the Connecticut Rules of Professional Conduct. Rule 1.1 states that a "lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Conn. Rules of Prof'l Conduct 1.1. Rule 5.1 interplays with Rule 1.1 by stating that a "lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional

Conduct." Conn. Rules of Prof'l Conduct 5.1. Supervisory counsel violate Rule 5.1 when they fail to ensure that appearance counsel are adequately prepared to address questions at hearings, "thus leaving the Debtor with counsel in name only." *See In re D'Arata*, 587 B.R. at 827.

Rule 1.5 requires that the "scope of the representation, the basis or rate of the fee and expenses for which the client will be responsible, shall be communicated to the client, in writing." Conn. Rules of Prof'l Conduct 1.5.

## **DISCUSSION**

### I.  Attorney Anderson's Violations

Attorney Anderson violated Fed.R.Bankr.P. 2016(b) and § 504 in several ways. First, Attorney's Anderson's initial Form 2030 (ECF No. 12) stated that she would represent the debtor at a meeting of creditors pursuant to 11 U.S.C. § 341 (a "341 Meeting"). However, Attorney Anderson instead paid Attorney Brown to represent the debtor at the 341 Meeting. *See* ECF No. 140; *See also* ECF No. 135 (Attorney Brown's Form 2030 indicated he would represent the debtor at court hearings and 341 Meeting; the form was filed after dismissal of the case). A 341 Meeting, although not presided over—or even attended—by a judge, "may be the most significant event in such a case for an individual debtor. . . ." *In re D'Arata*, 587 B.R. at 822. The debtor's case here was complex. The debtor needed a skilled and diligent attorney to have a good chance of confirming a Chapter 13 plan. Thus, it was important for Attorney Anderson to attend the § 341 meeting to get the case on the right path to confirmation.

Second, Attorney Anderson's original Form 2030 stated that she agreed she would not share compensation with any person who was not an associate of her law firm.

9

Sharing of compensation directly violates 11 U.S.C. § 504, because such sharing is expressly prohibited with another attorney that is not another "member, partner, or regular associate" of the applicant's law firm. *See* 11 U.S.C. § 504. Attorney Anderson's Joint Memorandum of Law argued that both she and Attorney Brown, "explained to the Debtor that Attorney Brown would be sharing some of the retainer paid to Attorney Anderson. The Debtor was also advised that Attorneys Brown and Anderson are not part of the same law firm and maintained separate practices." ECF No. 134. Nonetheless, Attorney Anderson violated § 504 by sharing compensation with an attorney that is not an associate at her law firm. This conclusion is not affected by the alleged disclosure of the sharing arrangement to the client since the statute requires transparency through the Form 2030 filing with the court. If Attorney Anderson needed another attorney to assist her on the debtor's case, Attorney Anderson should have required the attorney to: (1) execute a written retention and fee agreement with the debtor, (2) file a notice of appearance and Form 2030 at the start of his or her representation of the debtor, (3) seek compensation directly from the debtor, and (4) create a document outlining the tasks and responsibilities to be completed by each attorney.

Additionally, Attorney Anderson was under a continuing duty to file a supplemental Form 2030 within fifteen (15) days after any payments or agreements not previously disclosed. *See* Fed.R.Bankr.P. 2016(b). Attorney Anderson eventually filed an amended Form 2030 after the case was dismissed when the Court had questioned the payments to Attorney Brown. *See* ECF No. 138. At some undisclosed point between the filing of the first Form 2030 (ECF No. 12) and the amended Form 2030 (ECF No. 138), Attorney Anderson was paid an additional $3,000.00, leading to at least the inference that she did

not comply with Rule 2016(b) by updating her disclosure in a timely manner. Based on this record, the Court will require disgorgement of a portion of Attorney's Anderson's requested fees "for fee sharing in violation of section 504 or for failure to disclose sharing arrangements under Rule 2016." 4 Collier on Bankruptcy ¶ 504.02.

Based on the record here, the Court concludes the amount originally disclosed as having been paid as fees in the initial Form 2030, or $2,500.00, should be allowed along with $310.00 as reimbursement of the filing fee cost. The balance paid to Attorney Anderson that was not timely disclosed in an amended Form 2030 in violation of Rule 2016(b) – or $3,000.00 – is ordered to be disgorged.

II.    Attorney Brown's Violations

Attorney Brown represented the debtor during several hearings, as well as during the creditors meeting at the Office of the United States Trustee, without filing a notice of appearance in the debtor's case.[13] Attorney Brown only filed a notice of appearance when directed to do so by the Court. *See* ECF Nos. 72, 79. Troublingly, the debtor paid Attorney Brown for appearances at hearings during a time when no written fee agreement existed, leading to a direct violation of Rule 1.5. *See* Conn. Rules of Prof'l Conduct 1.5; ECF No. 134. In any event, Court intervention should not be necessary for an attorney to file his notice of appearance for his client in a case pending in a federal court so that it appears in the record of the case.

Attorney Brown also failed to file Form 2030 until the Court directed him to do so on April 2, 2018. *See* ECF No. 132. Rule 2016(b) requires that this statement be filed

---

[13] Since the conduct at issue here, the Court has adopted new local bankruptcy rules. Connecticut Local Bankruptcy Rule 9010-1 requires that an "attorney entering an appearance in a case … shall first file an appearance with the Court. . ."

within fourteen (14) days after the petition for relief, or fifteen (15) days after any further payment or agreement is made that was previously undisclosed. *See* Fed.R.Bankr.P.2016. Without filing any appearance in the record of this case, and without any of the mandatory financial disclosures required by Rule 2016(b), Attorney Brown attended the debtor's 341 Meeting on October 26, 2016, and represented the debtor in five hearings during 2017. Attorney's Brown's unreasonable and unexcused delay in filing Form 2030 Statement of Compensation is a violation of § 329 and Rule 2016(b). "This disclosure obligation is mandatory and not permissive, and it is a continuing one." 3 Collier on Bankruptcy ¶ 329.01. This failure compels this Court to require disgorgement of the entirety of Attorney Brown's fees for his failure to timely disclose his fee arrangement by filing a Form 2030 disclosure. *See* 3 Collier on Bankruptcy ¶ 329.01.

Despite the debtor's affidavit stating that he was "fully satisfied with the legal serviced provided to [him] by Attorneys Anderson and Brown," the Court concludes on this record that Attorney Brown and Attorney Anderson did not adequately represent the debtor. ECF No. 134. The debtor's case was more involved than some Chapter 13 cases due to his ownership of thirteen real properties, and the debtor was entitled to only a limited stay because he filed this case on the heels of two prior bankruptcy dismissals within the preceding twelve months. Neither Attorney Anderson or Attorney Brown prosecuted the debtor's motion to extend the automatic stay (ECF No. 24), which was denied for failure to prosecute resulting in the lapse of the automatic stay, the most valuable legal advantage most debtors enjoy during a bankruptcy case. *See* ECF No. 42.

Attorney Brown's lack of preparation for one hearing and inability to adequately represent the debtor's interests during the case, combined with Attorney Anderson's repeated absence from court hearings, from the 341 Meeting, and her failure to ensure adequate preparation of Attorney Brown (though he should not have appeared at all as he had not complied with basic requirements of the Bankruptcy Code and Bankruptcy Rules or the Rules of Professional Conduct) undoubtedly detracted from effective and efficient management of the debtor's case by the court, the Chapter 13 Trustee and the debtor himself.

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Brown Fee Application is DENIED; and it is further

**ORDERED:** That, on or before June 28, 2019, Attorney Howard Brown shall disgorge $500.00 to the debtor Brian Schatz; and it is further

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Anderson Fee Application is GRANTED IN PART and Attorney Anderson is allowed attorney' fees in the amount of $2,500.00 and reimbursement of expenses in the amount of $310.00; and it is further

**ORDERED:** That, pursuant to 11 U.S.C. § 329(b)(2), the Anderson Fee Application is DENIED IN PART and Attorney Anderson shall disgorge the amount of $3,000.00, representing the amount paid as set forth in ECF No. 138 that is greater than the amount allowed, on or before June 28, 2019, to the debtor Brian Schatz; and it is further

**ORDERED:** That, on or before June 28, 2019, Attorneys Anderson and Brown shall each file a certification that they have disgorged the funds described in this Order.

Dated on May 6, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut